RECEIVED
BY:
APR 2 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 16  AM 7:58

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY A. BYRNES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2089** |
| **PARKER DRILLING OFFSHORE USA, LLC** | **SECTION "T"(2)** |

Before the Court is a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) filed on behalf of Defendant, Parker Drilling Offshore, USA, L.L.C. This matter was submitted for the Court's consideration, without oral argument, on November 15, 2005. The Court, having reviewed the arguments of counsel, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I. BACKGROUND

On July 28, 2004, Plaintiff, Gregory A. Byrnes ("Byrnes"), was allegedly injured, while working on a rig which was owned and operated by Defendant, Parker Drilling Offshore USA, L.L.C. ("Parker Drilling"). At the time of Plaintiff's injury, the rig was offshore at West Cameron 45, southwest of Cameron, Louisiana. Plaintiff is a resident of Jonesville, Louisiana,

1

___ Fee_____
___ Process_____
_X_ Dktd_____
_√_ CtRmDep_____
___ Doc. No_____

which is located 198 miles from the United States District Court for the Eastern District of Louisiana in New Orleans. The driller, who allegedly caused the incident, resides in DeRidder, Louisiana located 248 miles from the United States District Court for the Eastern District of Louisiana. Other potential witnesses, including personnel working on the rig at the time of the incident and medical witnesses, reside and work in the Western District of Louisiana.

On May 31, 2005, the Plaintiff filed suit in the Eastern District of Louisiana. Subsequently, Parker Drilling filed a Motion to Transfer Venue from the Eastern District of Louisiana to the Western District of Louisiana, Lafayette Division, pursuant to 28 U.S.C. 1404(a).

## II.   TRANSFER OF VENUE UNDER 18 U.S.C. § 1404(a)

28 U.S.C. §1404(a) states:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The burden is on the defendants to demonstrate why the case should be transferred to a different forum. Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir.1966). "Plaintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed." Id. However, the decision to transfer a pending case is committed to the sound discretion of the district court. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Peteet v. Dow Chemical Co., 868 F.2d 1428 (5th Cir. 1989); Sonic Drive-In of Alexandria v. Dronet, 968 F.Supp. 303 (E.D. La. 1997). The trial court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by

transfer to a different forum." Sonic, 968 F.Supp. at 304 (quoting Wright & Miller, Federal Practice and Procedure, §2847, at 340 (1986)). A transfer is not appropriate if it would merely shift inconvenience from the defendant to the plaintiff. Hastech v. Harris Corp., 672 F.Supp.580, 589 (D.N.H. 1987). Unless the balance of all the factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Id., quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

In determining whether to transfer a case, the Court considers both private interest factors and public interest factors. In Columbia Energy Serv. Corp. v. TDC Energy Corp., this Court stated that the private interest factors to be considered include: (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) place of the alleged wrong; (4) location of counsel; (5) cost of obtaining the attendance of witnesses; (6) accessibility and location of the sources of proof; and (7) possibility of delay and prejudice if transfer is granted. 2002 WL 272382, at *4 (E.D. La. Feb. 25, 2002). Additionally, the public interest factors to be considered include: (1) administrative difficulties caused by court congestion; (2) local interest in adjudicating local disputes; (3) unfairness of burdening citizens in an unrelated forum with jury duty; and (4) avoidance of unnecessary problems in conflict of laws. Id.

## V.   COURT'S ANALYSIS

Parker Drilling argues that the private interest factors weigh heavily in favor of transfer of this action from the Eastern District of Louisiana to the Western District of Louisiana, Lafayette

Division.[1] The only factor that Parker Drilling concedes weighs in favor of denying transfer of this matter is the Plaintiff's choice of forum.

In this case, the vast majority of the lay witnesses and medical witnesses are domiciled in the Western District of Louisiana. Parker Drilling contends that because there are significant issues in this case with regard to the existence, severity and cause of Mr. Byrnes' injuries, the defense of this matter would be hindered if key medical witnesses were not able to testify live at trial. Additionally, attorneys for Mr. Byrnes and Parker Drilling maintain their offices in Lafayette, Louisiana in the Western District.

Moreover, the cost of obtaining the attendance of witnesses for trial would be increased if this matter remains in the Eastern District because of the additional distance witnesses, parties and counsel would have to travel. In other words, transfer of this matter would result in a reduction of the costs associated with the trial and thus, this factor also weighs in favor of transfer.

In addition, the Court also considers the place of the alleged wrong is determining the

---

[1] Both parties concede that because this is a personal injury action, the factor dealing with the accessibility and location of the sources of proof is not given great weight. Holmes v. Warrior & Gulf Navigation Co., 2004 WL 1774615, *6 (E.D. La. Aug. 6, 2004) (quoting Lebouef v. Gulf Operations, Inc., 20 F.Supp.2d 1057, 1060 (S.D. Tex. 1998) (stating that little weight is given to the location of books and records in a Jones Act personal injruy action). *See also* Carona v. Falcon Services, 68 F.Supp.2d 783, 788 (S.D. Tex. 1999). However, Parker Drilling notes that any records pertaining to the Rig that Mr. Byrnes was injured on would be located at Parker's operations office or at the office of Hercules Offshore, who is the current owner of the RIG, both located in New Iberia, Louisiana in the Western District. Further, because all the Plaintiff's treating physicians practice in the Western District, any relevant medical records would also be located in the Western District.

4

propriety of transfer. In this case, Mr. Byrnes was allegedly injured while working on a Rig offshore at West Cameron 45, southwest of Cameron, Louisiana, which is located in the Western District. Because Mr. Byrnes was injured off the coast of Cameron Parish, located in the Western District of Louisiana, this factor also supports transfer of this matter.[2]

Further, Parker Drilling contends that the public interest factors also weigh in favor of transfer of this matter.[3] This action would not be unduly delayed or prejudiced by transfer because this matter is still in the early stages of litigation. While the Plaintiff contends that this action was filed in the Eastern District in order to secure a quicker trial date,[4] filing an action in the Eastern District does not always result in a quick trial setting or a swift resolution to litigation.[5] In addition, this Court has held that the fact that a plaintiff can obtain a speedier trial in the chosen forum is a factor which does not necessarily support one venue over another.

---

[2]    Robertson v. M/V Cape Hunter, 979 F.Supp. 1105, 1108 (S.D. Tex. 1997); Campbell v. Dynamic Cranes, L.L.C., 2005 WL 2562091, *3 (S.D. Tex. Oct. 6, 2005) (stating that although the plaintiff, who was injured off the Louisiana coast, was not actually injured in the Western District of Louisiana, he was injured "closer to the Western District of Louisiana," than to the Southern District of Texas and thus, this factor weighs in favor of transfer to the Western District of Louisiana).

[3]    Because this case will proceed as a bench trial, the Court need not consider the burden of jury duty on citizens in an unrelated forum. Additionally, because this motion deals with the transfer of a case from a court located in Louisiana to another court in Louisiana, the Court does not need to consider the problems caused by conflict of laws.

[4]    Plaintiff argues that typically cases are set for trial in the Eastern District within six to seven months and anywhere from thirteen to eighteen months in the Western District of Louisiana, Lafayette Division.

[5]    Due to delays in this Court, resulting partially from Hurricane Katrina, this case has been set for trial on October 22, 2006, almost seventeen months after it was filed on May 31, 2005.

5

Landry v. Georgia, 1997 WL 779019, *1 (E.D. La. Dec. 16, 1997) (citing Wright, Miller & Cooper, Federal Practice and Procedure Jurisdiction 2nd Sec. 2354, pp. 456-450.

In his Opposition to the Motion to Transfer, Plaintiff's primary contention is that this case should not be transferred because the Eastern District of Louisiana is the Plaintiff's choice of forum. Plaintiff argues that because this action was brought under the Jones Act, the Plaintiff is given "wide latitude" to prosecute his case against his employer in any district in which the employer does business. In addition, he argues that the Plaintiff's choice of forum is entitled to great deference. Time, Inc., 366 F.2d at 698.

While this Court agrees that the Plaintiff choice of forum should rarely be disturbed, when there is no factual nexus between the plaintiff's choice of forum and the case or when the plaintiff has chosen a district other than the district in which he or she resides, the Court should give little weight to this factor. Schexnider v. McDermott International, Inc., 817 F.2d 1159, 1163 (5th Cir. 1987); Berthelot v. Foti, 2003 WL 1462930, at *4 (E.D. La. March 19, 2003) (citing Robertson v. Kiamichi R.R. Co., L.L.C., 42 F.Supp.2d 651, 655 (E.D. Tex. 1999); Paul v. International Metals Corp., 613 F.Supp. 174, 179 (S.D. Miss.)).

In this case, the Court finds that Parker Drilling has carried its burden and demonstrated that the this case should be transferred to the Western District of Louisiana, Lafayette Division. While the Plaintiff's choice of forum should be given deference, the Court finds that because the Plaintiff is domiciled in the Western District and the events giving rise to this action occurred outside of the Eastern District, this factor is given little weight and transfer of this case is proper. Further, the Court finds that to ensure the overall convenience of the parties, witnesses and

6

attorneys and to limit the litigation costs, this case should be transferred. Additionally, while this Court recognizes the importance of avoiding the possibly of delay that may result from transfer, because this case is in its early stages and not set for trial until October, 2006, there will not be significant delay or prejudice to the parties because of transfer. In addition, this particular case should be transferred because transfer will not result in a shifting of the inconvenience from the defendant to the plaintiff. The transfer of this matter will make litigating this matter more inconvenient and less costly for both parties.

**IT IS ORDERED** that the Motion to Transfer Venue Pursuant to 18 U.S.C. § 1404(a) filed on behalf of Defendant, Parker Drilling Offshore, USA, L.L.C. be and the same is hereby **GRANTED** and this matter is transferred to the United States District Court for the Western District of Louisiana, Lafayette Division.

New Orleans, Louisiana, this 15th day of February, 2006.

_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE
A TRUE COPY
APR 18 2006
Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

Mr. Robert Shemwell
Clerk, United States District Court
Western District of Louisiana
300 Fannin Street, Suite 1167
Shreveport, LA 71101
**ATTN: NANCY LUNDY**

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA
### OFFICE OF THE CLERK

LORETTA G. WHYTE
CLERK

500 POYDRAS ST., ROOM C-151
NEW ORLEANS, LA 70130

RECEIVED
BY: _____
APR 21 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

April 13, 2006

6: 06 CV0659

Mr. Robert Shemwell
Clerk, United States District Court
Western District of Louisiana
300 Fannin Street, Suite 1167
Shreveport, LA 71101

Re: Civil Action No. 05-2089, Sect T, (2)
Gregory A. Byrnes
vs.
Parker Drilling Offshore USA, LLC

Dear Mr. Shemwell:

On 2/17/06, the Honorable G. Thomas Porteous, Jr., United States District Court Judge for this district, entered an order transferring the above captioned case to the Western District of Louisiana.

Pursuant to said order, we are forwarding herewith the entire original record filed in this court, together with a certified copy of the order of transfer and a copy of the docket sheet.

Please acknowledge receipt on the enclosed copy of this letter.

Very truly yours,

LORETTA G. WHYTE, CLERK

By: _____
Deputy Clerk

Enclosures